IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2193-FL

| | | |
|---|---|---|
| MICHAEL MALIK LEVI GRISSETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment (DE 8). The motion was fully briefed and thus the issues raised are ripe for decision. For the reasons stated below, the court grants respondent's motion and dismisses the petition.

## BACKGROUND

During a April 2015 traffic stop, members of the Brunswick County Sheriff's Office discovered heroin and drug paraphernalia in petitioner's van. (Pet'r. Ex. (DE 15-4) 1). On April 15, 2015, the State of North Carolina assessed petitioner taxes, penalties, and interest totaling $141,167.49 under the North Carolina Unauthorized Substance Tax Act ("drug tax"), N.C. Gen.Stat. §§ 105–113.105, et seq. (Id.). On June 2, 2015, defendant was indicted on three counts of trafficking opium or heroin. (Id.). On July 28, 2015, the North Carolina Department of Revenue levied and sold petitioner's real and personal property to collect the April 2015 tax assessment. (Id. at 2). That property included two parcels of land, a car, and a mobile home. (Id.).

On June 8, 2016, petitioner entered an Alford plea[1] in Brunswick County Superior Court to one count of trafficking opium or heroin. (J. & Commitment (DE 10-2). On June 10, 2016, the state court sentenced petitioner to 70 to 93 months imprisonment. (J. & Commitment (DE 10-2)). Petitioner did not appeal, and did he properly file any state post-conviction motion until March 27, 2018. (Pet. (DE 1) 2-3; Pet'r Ex. (DE 15-4)).

Petitioner then filed a civil complaint pursuant to 42 U.S.C. § 1983, arguing that the drug tax was improperly assessed. Grissett v. Branson, Case No. 5:16-CT-3125-FL (E.D.N.C. May 25, 2016). The court dismissed this complaint without prejudice because plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). (Id. (DE 17)). Petitioner filed a notice of appeal, which he later voluntarily dismissed. (Id. (DE 19, 22)).

On or about May 16, 2017, petitioner challenged the assessment of the drug tax in state court by filing an administrative grievance with the Office of Administrative Hearings. (Pet'r. Ex. (DE 1-1) 5).

Petitioner filed the instant federal habeas petition on October 24, 2017, alleging the following claims for relief: 1) his conviction violated the double jeopardy clause because the state assessed a drug tax in addition to his prison sentence; 2) he received ineffective assistance of counsel based on his attorney's failure to properly investigate the case; and 3) the Brunswick County Sheriff's Department conducted an illegal search and seizure. (Id. at 5-8).

On March 27, 2018, petitioner filed a motion for appropriate ("MAR") relief in Brunswick County Superior Court, raising that same issues described in the instant petition. (Resp't Ex. (DE 15-4)). The state court denied petitioner's MAR on the merits. (Id.).

---

[1] See North Carolina v. Alford, 400 U.S. 25 (1970).

On June 12, 2018, respondent filed the instant motion for summary judgment, arguing that the petition is time barred and that, regardless, petitioner was not entitled to relief. Petitioner timely filed a response in opposition.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in state court, is set forth in 28 U.S.C. § 2254(d). The statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially

3

indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.   Analysis

   1.   Petitioner's Claims are Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application . . . is removed . . .;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

The statutory period began to run in this case on the date petitioner's judgment became final. The trial court entered judgment on June 10, 2016, and petitioner did not appeal. The judgment therefore became final when the time limit for filing an appeal expired. 28 U.S.C. § 2241(d)(1)(A) (limitations period begins to run on "the expiration of the time for seeking" appellate review); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). North Carolina law provides that a criminal defendant has 14 days after entry of judgment to file a notice of appeal. N.C. R. App. P. 4(a) (2013). Accordingly, the § 2241(d)(1) statute of limitations began to run in this case on June 24, 2016. Petitioner also did not properly file an application for state post-conviction relief before the one-year statute of limitations expired on June 24, 2017. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (holding time period between conclusion of direct review and filing state post conviction motion is not tolled). The instant habeas petition was signed on October 19, 2017, and filed on October 24, 2017, and it is therefore untimely.

Petitioner's March 27, 2018 MAR, or any later state post-conviction filing, does not operate to toll the running of the statutory period. See Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed

5

subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006).

Additionally, petitioner does not qualify for any of the alternative statutes of limitations set forth in § 2244(d)(1)(A). Petitioner does not allege that his claims are based on a new rule of constitutional law made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after his conviction became final. See id. (d)(1)(C)-(D). Likewise, petitioner has presented no evidence suggesting a state impediment prevented him from filing earlier. Id. (d)(1)(B).

Petitioner also is not entitled to equitable tolling of the statute of limitations. Although the purpose of AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from [complying with the statute of limitations]." Id. (citation and quotations omitted).

Petitioner has failed to allege that extraordinary circumstances prevented him from complying with the one-year statute of limitations. First, petitioner seeks equitable tolling because the "North Carolina Prison System lacks law libraries." (Pet. (DE 1) at 13). This is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); see also, Garvin v. Eagleton, C.A. No. 8:12–1165–JMC, 2013 WL 3821482, at *13 (D.S.C. July 23, 2013) ("Petitioner's allegations

6

regarding lack of resources in the law library do not constitute the type of extraordinary circumstances that justify equitable tolling because alleged inadequacies of prison law libraries do not toll the statute of limitations."), appeal dismissed, 544 F. App'x 236 (4th Cir. 2013); Jenkins v. Johnson, C.A. No. 2:09cv32, 2009 WL 1923938, at *4 (E.D. Va. June 29, 2009) ("[D]elays due to seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the 'extraordinary circumstances' to warrant the application of equitable tolling.") (citation omitted).

Plaintiff also contends that the civil rights complaint he filed in this court and the state administrative challenge he filed to the drug tax should toll the limitations period. (Pet. (DE 1) 13-14). Neither of these filings constitute "properly filed" applications for state post-conviction or other collateral review, and do not toll the limitations period.[2] See Sosa, 364 F.3d 512 (unfamiliarity with legal process does not justify equitable tolling); Bailey v. Adams, No. 107CV00212OWWWMWHC, 2008 WL 683402, at *3 (E.D. Cal. Mar. 11, 2008) (rejecting argument petitioner was entitled to equitable tolling because he first attempted to bring his claim through a civil rights action pursuant to 42 U.S.C. § 1983).

For these reasons, respondent is entitled to summary judgment because petitioner's claims are untimely.

    2.    Petitioner's Claims Fail on the Merits

Even if petitioner's claims were not barred by the statute of limitations, his claims fail on the

---

[2] In North Carolina, a criminal defendant collaterally challenges his conviction by petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

merits. A valid guilty plea[3] constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Meyer v. Branker, 506 F.3d 358, 367 (4th Cir. 2007) ("[I]t is well known that a defendant's guilty plea itself serves as a 'conviction,' supplying 'both evidence and verdict.") (citing Boykin v. Alabama, 395 U.S. 238, 242, 243 n. 4 (1969)). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Petitioner challenges the voluntariness of his plea, alleging ineffective assistance of counsel. To state a claim for ineffective assistance of counsel in the context of a plea agreement, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The voluntariness of a "plea can be determined only by considering all of the relevant

---

[3] The Supreme Court's ruling in Tollett applies to actions in which a defendant has entered a plea pursuant to Alford. Thomas v. Outlaw, No. 5:10-HC-2258-FL, 2012 WL 255336, at *2 (E.D.N.C. Jan. 27, 2012).

8

circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 (1970). A plea is made knowingly and voluntarily if the defendant is fully aware of the direct consequences of the plea and the plea was not "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business . . . ." Id. at 755. Where a defendant pleads guilty and affirms under oath in open court that the plea was voluntary, the defendant "is bound by [such] representation[]" in the absence of "clear and convincing evidence to the contrary . . . ." Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Thus, "in the absence of extraordinary circumstances, allegations in a [habeas] petition that directly contradict the petitioner's sworn statements made during a properly conducted [plea] colloquy are always 'palpably incredible' and 'patently frivolous or false'" and therefore do not entitle a petitioner to an evidentiary hearing. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (quoting Blackledge, 431 U.S. at 76) (internal citations omitted).

Here, petitioner's allegations are belied by the sworn affirmations he made in open court at his plea hearing. The record reflects that petitioner swore under oath that he understood he was entering an Alford plea to one count of trafficking opium or heroin. (Resp't Ex. 1 (DE 10-1)). Petitioner swore that he was able to read and write at a 12th grade level. (Id.). He further testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charge, each element of the offense, as well as possible defenses. (Id.). Petitioner's counsel also certified that he explained to petitioner the nature and elements of the charge to which petitioner entered his Alford plea. (Id. at 4). Petitioner testified that he was satisfied with his

9

attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id.). He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id.). In addition, petitioner testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. (Id.). Petitioner swore that it was in his best interest to plead guilty, and that he understood that his Alford plea would essentially function as an admission of guilt. (Id. at 3). He also testified that there were facts to support his Alford plea. (Id. at 4). Petitioner stated that the terms of the plea agreement set forth in the written transcript of plea were "correct as being [petitioner's] full plea agreement." (Id.).

In exchange for petitioner's Alford plea, the prosecution agreed to dismiss the other two trafficking counts, and that petitioner would receive an active sentence of 70 to 93 months with credit for time served. (Id.). After listening to petitioner's response to the plea colloquy in open court and observing petitioner's demeanor, the trial court judge found: (1) there was a factual basis for the entry of the Alford plea; (2) petitioner was satisfied with his lawyer's legal services; and (3) petitioner's plea was made freely, voluntarily, and understandingly. (Id. at 5). Petitioner was sentenced to 70 to 93 months imprisonment, pursuant to the terms of the plea agreement. (J. & Commitment (DE 10-2)).

Petitioner's claims in the instant petition thus directly contradict the sworn statements petitioner made during his plea colloquy, and he has not presented evidence of extraordinary circumstances that would justify disregarding those statements. See Lemaster, 403 F.3d at 222-23 (allegations in habeas petition that counsel did not fully explain the plea agreement, misinformed petitioner about the sentence, and threatened he would not receive medical care unless he pleaded guilty insufficient standing alone to justify setting aside collateral attack waiver in plea agreement

10

where allegations were directly contradicted by sworn statements at plea colloquy); see also Lasiter v. Thomas, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing.") (internal quotation omitted).

Petitioner also cannot establish he received ineffective assistance of counsel prior to enter his Alford plea. Petitioner's sole allegations regarding ineffective assistance of counsel are that counsel failed to "properly investigate and obtain exculpatory" evidence. Petitioner's conclusory claims that he would not have entered his Alford plea if counsel had investigated the case more thoroughly are belied by the transcript of plea, in which petitioner stated under oath he was satisfied with his counsel's services and that he had discussed the case fully with counsel. See Blackledge, 431 U.S. at 73-74 (petitioner not entitled to habeas relief on the basis of unsubstantiated allegations contradicted by sworn statements at his plea colloquy).

Petitioner's valid guilty plea forecloses his Fourth Amendment claim. See Class v. United States, 138 S. Ct. 798, 805 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered"); United States v. Rodriguez, 738 F. App'x 232 (4th Cir. 2018) ("We thus hold that the proffered Fourth Amendment claim is waived by Rodriguez's valid, unconditional guilty plea.").

Petitioner's guilty plea does not necessarily waive his double jeopardy claim. See Menna v. New York, 423 U.S. 61, 63, n. 2 (1975) ("We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute."). However, The

11

Fourth Circuit has declined to hold the current version of the North Carolina Unauthorized Substance Tax Act to be an unconstitutional criminal penalty. See Sanchez v. Tolson, 128 F. App'x 983, 984 (4th Cir. 2005); Nivens v. Gilchrist, 319 F.3d 151, 157 (4th Cir.), cert. denied, 539 U.S. 915 (2003). Thus, the MAR court did not err in rejecting petitioner's double jeopardy claim. See Vick v. Williams, 233 F.3d 213, 222 (4th Cir. 2000) (finding North Carolina court's rejection of double jeopardy drug tax claim is not contrary to, nor involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.); Marlowe v. Summers, No. 5:09-HC-2053-D, 2010 WL 3743533, at *4 (E.D.N.C. Sept. 16, 2010) (rejecting drug tax double jeopardy claim raise in § 2254 petition, citing Vick).

In sum, even if petitioner's claims were not time-barred, petitioner has not demonstrated that the denial of his MAR was contrary to, or an unreasonable application of, clearly established federal law. Nor did was the MAR court determination based on an unreasonable determination of facts. Accordingly, respondent is entitled to summary judgment.

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant

has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis,137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the court GRANTS respondent's motion for summary judgment (DE 8) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 27th day of March, 2019.

                                          LOUISE W. FLANAGAN
                                          United States District Judge